**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED FOR FBI INTEGRITY, ) <br> 943 19th St. Apt 3 ) <br> Santa Monica, CA 90403 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> 950 Pennsylvania Avenue, NW ) <br> Washington, DC 20530-0001 ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No. |

**COMPLAINT**

Plaintiff United for FBI Integrity ("Plaintiff") brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, as this action arises under 5 U.S.C. § 552(a)(4)(B).

2.      Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

**PLAINTIFF**

3.      Plaintiff is a non-profit social welfare organization incorporated in the District of Columbia with a principal place of business in Los Angeles County, California. Plaintiff was originally incorporated under the name "Protect the FBI," and it made its FOIA requests under that

1

name. On September 19, 2022, Plaintiff filed an amendment with the District of Columbia Department of Consumer & Regulatory Affairs, changing its name to United for FBI Integrity

**DEFENDANT**

4.      Defendant U.S. Department of Justice ("DOJ") is a federal agency headquartered in Washington, DC. DOJ is a federal agency within the meaning of 5 U.S.C. § 552(f)(1), located at 950 Pennsylvania Avenue NW, Washington, DC, 20530. The Justice Management Division ("JMD") and Federal Bureau of Investigation ("FBI") are components of DOJ. Thus, upon information and belief, DOJ, through its components, has possession, custody, and control of the records, within the meaning of 5 U.S.C. § 552(f)(2), to which the Plaintiff seeks access.

**FACTS**

**A.  SECURITY CLEARANCE REQUIREMENTS AND PROCEDURES**

5.      Under Executive Order No. 13,526 § 1.1(a)(4), 75 Fed. Reg. 707 (Jan. 5, 2010), information may only be classified if, among other requirements, "the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage."

6.      Executive Order No. 12,968, 60 Fed. Reg. 40245 (Aug. 2, 1995) "establishes a uniform Federal personnel security program for employees who will be considered for initial or continued access to classified information."

7.      Under Executive Order No. 12,968 § 1.2(c), "Employees shall not be granted access to classified information unless they: (1) have been determined to be eligible for access under section 3.1 of this order by agency heads or designated officials based upon a favorable adjudication of an appropriate investigation of the employee's background; (2) have a demonstrated need-to-know; and (3) have signed an approved nondisclosure agreement." 60 Fed. Reg. 40246.

8.      Executive Order No. 12,968 § 3.1(f) mandates that an Executive Branch entity "develop a common set of adjudicative guidelines for determining eligibility for access to classified information…." *Id.* at 40250. The most recent National Security Adjudicative Guidelines are in Security Executive Agent 4 signed by then Director of National Intelligence James Clapper on December 10, 2016, effective June 8, 2017.

9.      Eligibility for access to classified information is commonly referred to as a "security clearance" or "clearance."

10.     Executive Order No. 12,968 § 5.2 mandates specific protections for any applicant or employee who is determined to not meet the standards for eligibility for access to classified information—whose clearance has been denied or revoked—as follows:

> Sec. 5.2. Review Proceedings for Denials or Revocations of Eligibility for Access.

> (a) Applicants and employees who are determined to not meet the standards for access to classified information established in section 3.1 of this order shall be:

> (1) provided as comprehensive and detailed a written explanation of the basis for that conclusion as the national security interests of the United States and other applicable law permit;

> (2) provided within 30 days, upon request and to the extent the documents would be provided if requested under the Freedom of Information Act (5 U.S.C. 552) or the Privacy Act (3 [sic] U.S.C. 552a), as applicable, any documents, records, and reports upon which a denial or revocation is based;

> (3) informed of their right to be represented by counsel or other representative at their own expense; to request any documents, records, and reports as described in section 5.2(a)(2) upon which a denial or revocation is based; and to request the entire investigative file, as permitted by the national security and other applicable law, which, if requested, shall be promptly provided prior to the time set for a written reply;

> (4) provided a reasonable opportunity to reply in writing to, and to request a review of, the determination;

> (5) provided written notice of and reasons for the results of the review, the identity of the deciding authority, and written notice of the right to appeal;

(6) provided an opportunity to appeal in writing to a high level panel, appointed by the agency head, which shall be comprised of at least three members, two of whom shall be selected from outside the security field. Decisions of the panel shall be in writing, and final except as provided in subsection (b) of this section; and

(7) provided an opportunity to appear personally and to present relevant documents, materials, and information at some point in the process before an adjudicative or other authority, other than the investigating entity, as determined by the agency head. A written summary or recording of such appearance shall be made part of the applicant's or employee's security record, unless such appearance occurs in the presence of the appeals panel described in subsection (a)(6) of this section.

*Id.* at 40252.

11.     Some DOJ employees need access to classified information in the performance of their duties.

12.     DOJ has promulgated regulations regarding the security clearances of its personnel. Under 28 C.F.R. § 17.2(a), "All employees, contractors, grantees, and others granted access to classified information by [DOJ] are governed by this part, and by the standards in Executive Order 12958, Executive Order 12968, and directives promulgated under those Executive Orders. If any portion of this part conflicts with any portion of Executive Order 12958, Executive Order 12968, or any successor Executive Order, the Executive Order shall apply…."

13.     DOJ established an "Access Review Committee" ("ARC") "to review all appeals from denials or revocations of eligibility for access to classified information under Executive Order 12968. Unless the Attorney General requests recommendations from the ARC and personally exercises appeal authority, the ARC's decisions shall be final." 28 C.F.R. § 17.15(a).

14.     Under 28 C.F.R. § 17.47(a)-(g), the following procedures are supposed to be provided to DOJ personnel whose clearances have been denied or revoked:

(a) Applicants and employees who are determined to not meet the standards for access to classified information established in section 3.1 of Executive order 12968 shall be:

(1)     Provided with a comprehensive and detailed written explanation of

4

the basis for that decision as the national security interests of the United States and other applicable law permit and informed of their right to be represented by counsel or other representative at their own expense;

(2)     Permitted 30 days from the date of the written explanation to request any documents, records, or reports including the entire investigative file upon which a denial or revocation is based; and

(3)     Provided copies of documents requested pursuant to this paragraph (a) within 30 days of the request to the extent such documents would be provided if requested under the Freedom of Information Act (5 U.S.C. 552) or the Privacy Act of 1974 (5 U.S.C. 552a), and as the national security interests and other applicable law permit.

(b) An applicant or employee may file a written reply and request for review of the determination within 30 days after written notification of the determination or receipt of the copies of the documents requested pursuant to this subpart, whichever is later.

(c) An applicant or employee shall be provided with a written notice of and reasons for the results of the review, the identity of the deciding authority, and written notice of the right to appeal.

(d) Within 30 days of receipt of a determination under paragraph (c) of this section, the applicant or employee may appeal that determination in writing to the ARC, established under § 17.15. The applicant or employee may request an opportunity to appear personally before the ARC and to present relevant documents, materials, and information.

(e) An applicant or employee may be represented in any such appeal by an attorney or other representative of his or her choice, at his or her expense. Nothing in this section shall be construed as requiring [DOJ] to grant such attorney or other representative eligibility for access to classified information, or to disclose to such attorney or representative, or permit the applicant or employee to disclose to such attorney or representative, classified information.

(f) A determination of eligibility for access to classified information by the ARC is a discretionary security decision. Decisions of the ARC shall be in writing and shall be made as expeditiously as possible. Access shall be granted only where facts and circumstances indicate that access to classified information is clearly consistent with the national security interest of the United States, and any doubt shall be resolved in favor of the national security.

(g) The Department Security Officer shall have an opportunity to present relevant information in writing or, if the applicant or employee appears personally, in person. Any such written submissions shall be made part of the applicant's or employee's security record and, as the national security interests of the United States and other applicable law permit, shall also be provided to the applicant or employee. Any

personal presentations shall be, to the extent consistent with the national security and other applicable law, in the presence of the applicant or employee.

## B. PLAINTIFF'S FOIA REQUEST TO DOJ ABOUT ARC DECISIONS.

15.     On November 3, 2020, the Plaintiff, under its previous name "Protect the FBI,"

submitted a FOIA request to DOJ for the following records:

1. Request information (if possible, a list) on all appeals of security clearance revocations to the Department of Justice (DOJ) Access Review Committee (ARC) for the period from January 1, 2015 through December 31, 2019, including the date of the appeal (the date it was received by ARC), the DOJ component that had revoked the employee's clearance, the ARC's decision (whether the revocation was affirmed or reversed), and the date of the ARC's decision. 2. Copies of all written decisions by the ARC on appeals of security clearance revocations for the period from January 1, 2019 through November 3, 2020.

16.     On December 10, 2021, DOJ JMD denied the Plaintiff's request as follows:

Regarding your first request, JMD does not maintain any list or other document containing the information you are requesting. Regarding your second request, JMD located eight ARC decisions in the date range specified, totaling 35 pages. All these decisions concerned employees of the Federal Bureau of Investigation (FBI). We consulted with the FBI, which requested that we withhold these documents in their entirety on the FBI's behalf under FOIA Exemptions (b)(6) and (b)(7)(C).

17.     On January 27, 2022, the Plaintiff filed an administrative appeal of JMD's decision

with DOJ.

18.     On May 20, 2022, DOJ remanded the Plaintiff's request to JMD for further

processing of the responsive records.

19.     On November 1, 2022, JMD provided responsive records but redacted information

from them. *See* Exh. A. JMD notified the Plaintiff that

[a]fter further review and consultation with the FBI, we have determined that the 35 pages can be released to you with redactions under Exemption 6 for certain personally identifiable information. We have determined that the privacy interests outweigh the public interest in disclosure of such information. Please note that some of the redactions were made by the FBI under Exemptions 5, 6, 7(C), and 7(E).

20.     The Plaintiff reviewed the provided records and concluded that JMD had redacted

information that was not personally identifiable information, including the basis for revoking employees' clearances and dates of actions. On November 13, 2022, the Plaintiff filed an administrative appeal of JMD's redactions from the responsive records. The Plaintiff did not appeal JMD's redaction of employees' names from the records.

21.     On September 1, 2023, DOJ affirmed JMD's redactions under Exemptions 6, 7(C), and 7(E), 5 U.S.C. §§ 552(b)(6), (7)(C), (7)(E). DOJ did not reach the merits of the redactions under Exemption 5.

## COUNT ONE

### Violation of FOIA, 5 U.S.C. § 552

22.     The foregoing allegations are re-alleged and incorporated herein by reference.

23.     Considering:

a) the Plaintiff does not challenge the redaction of employees' names, identifying numbers, dates of birth, or office/division of assignment from the responsive records,

b) there is a substantial public interest in knowing how DOJ determines whether employees' security clearances should be revoked,

c) the redacted information does not include information that would disclose techniques and procedures, or guidelines for law enforcement investigations or prosecutions, the disclosure of which could reasonably be expected to risk circumvention of the law,

DOJ is improperly withholding information in records responsive to the Plaintiff's FOIA request under 5 U.S.C. §§ 552(b)(6), (7)(C), and (7)(E).

## RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

24.     An injunction requiring DOJ to produce, by a date certain, all records responsive to Plaintiff's FOIA request with only employees' names, identifying numbers, dates of birth, and

office/division of assignment redacted from the responsive records.

    25.        Costs and reasonable attorneys' fees.

    26.        Such other relief as this Court deems just and equitable.

                  Respectfully Submitted,

November 15, 2023.        */s/ Michael S. Zummer*
                  Michael S. Zummer (La. Bar No. 31375)
                  2337 Magazine St. Unit D
                  New Orleans, LA 70130
                  Telephone: (504) 717-5913
                  E-mail: afbilitigation@gmail.com
                  *Counsel for Plaintiff*

# Exhibit A



**U.S. Department of Justice**

JUN 18 2019                    *Washington, D.C. 20530*

MEMORANDUM FOR GERALD ROBERTS, JR.
                    Assistant Director, Security Division
                    Federal Bureau of Investigation

FROM:              Monty Wilkinson
                    Chairman, Access Review Committee

SUBJECT:           Access Review Committee Appeal of [        ]                    b6 per FBI
                    [                    ]                                        b7C per FBI
                    Federal Bureau of Investigation

        The Access Review Committee (ARC) met on April 24, 2019, to consider
[            ] appeal of the [                ] decision of the Federal Bureau of Investigation
(FBI) to revoke his security clearance.  For the reasons set forth below, the ARC affirms the
FBI's decision.

<u>Background</u>

[            ] entered on duty with the FBI in [                            ] By        b6 per FBI
letter dated [        ]           Laura A. Bucheit, Assistant Director, Security Division, FBI,   b7C per FBI
                                                                                          b5 per FBI
revoked [            ] security clearance.  The revocation was based on [            ]            b7E per FBI
[                            ] Based on these
events, the FBI determined that the concerns raised by [            ] conduct amounted to a
significant and unacceptable risk to the national security, supporting the revocation of his
clearance.[1]  On [                ] the FBI affirmed this decision on reconsideration, and [    ]
[        ] appealed the reconsideration decision to the ARC in [                ]

<u>Guidelines for Revocation of Security Clearance</u>

        A review identified that the following Adjudicative Guidelines set forth by the Security
Policy Board are applicable to this appeal:

---

[1] Separately, the FBI proposed [                                            ]                    b6 per FBI
[                                                            ] the deciding official sustained the allegations   b7C per FBI
                                                                                                          b5 per FBI
but mitigated the penalty to a 60-day suspension and the imposition of a last-chance settlement agreement.   b7E per FBI

**Exhibit A**

Memorandum for Gerald Roberts, Jr.
Subject: Access Review Committee Appeal of [REDACTED]

b6 per FBI
b7C per FBI

*Guideline E, Personal Conduct.* The concern is that conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness and ability to protect classified information. A relevant consideration under this guideline is whether an individual deliberately provided false or misleading information concerning relevant and material matters to an investigator, security official, competent medical authority, or other representative in connection with a personnel security or trustworthiness determination.

*Guideline H, Drug Involvement.* The concern is that the illegal use of controlled substances, to include the misuse of prescription and non-prescription drugs, and the use of other substances that cause physical or mental impairment or are used in a manner inconsistent with their intended purpose, can raise questions about an individual's reliability and trustworthiness, both because such behavior may lead to physical or psychological impairment and because it raises questions about a person's ability or willingness to comply with laws, rules, and regulations. Drugs are defined as mood and behavior altering substances, and include: (i) Drugs, materials, and other chemical compounds identified and listed in the Controlled Substances Act of 1970, as amended (e.g., marijuana or cannabis, depressants, narcotics, stimulants, and hallucinogens); and (ii) Inhalants and other similar substances.

## FBI's Reasons for Revoking Security Clearance

Prior to entering on duty with the FBI, [REDACTED] reported in his [REDACTED] e-QIP application that he had [REDACTED]

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

[REDACTED] personnel security interview (PSI), [REDACTED] denied any prior [REDACTED] during the previous [REDACTED] also denied such [REDACTED] the same day as the PSI. Beginning in [REDACTED] as part of the vetting process for him gaining access to Sensitive Compartmented Information (SCI) and possibly becoming an [REDACTED] examination showed [REDACTED] while examinations in [REDACTED]

During an [REDACTED] interview as part of the [REDACTED] selection process, [REDACTED] initially denied [REDACTED]

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

[REDACTED] revisited that answer, however, and then admitted [REDACTED] he also admitted not previously reporting that [REDACTED] to the FBI. [REDACTED] signed, sworn statement (SSS), [REDACTED] admitted [REDACTED] stated that he became aware during the FBI application process that [REDACTED] would bar him from FBI employment. [REDACTED] believed that it would have been unjust to disqualify him from a career based on a lapse in judgment, and that belief supported his decision to be dishonest with the FBI about his [REDACTED] before and during his FBI employment.

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

The FBI found that [REDACTED] and efforts to conceal it raised significant security concerns. Under FBI policy, [REDACTED] would not have been eligible for FBI

**Exhibit A**

Memorandum for Gerald Roberts, Jr.
Subject:  Access Review Committee Appeal of ▮▮▮▮▮▮▮▮▮▮

employment based on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ his
▮▮▮▮▮▮▮▮▮▮▮ on several occasions over an extended period raised doubts about his
trustworthiness that could not be mitigated.  For these reasons, the FBI concluded that entrusting
▮▮▮▮▮▮▮ with classified information would pose an unacceptable risk to national security, and
it revoked his clearance on those grounds.

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

<u>Standard Governing the ARC's Examination</u>

The ARC is charged under the Adjudicative Guidelines with examining a sufficient
period of a person's life to make an affirmative determination whether the person is eligible for a
security clearance.  In this process, the ARC must carefully weigh a number of variables known
as the "whole person concept."  In evaluating the relevance of an individual's conduct, the
following factors should be considered: (1) the nature, extent, and seriousness of the conduct; (2)
the circumstances surrounding the conduct, to include knowledgeable participation; (3) the
frequency and recency of the conduct; (4) the individual's age and maturity at the time of the
conduct; (5) the extent to which participation is voluntary; (6) the presence or absence of
rehabilitation and other pertinent behavioral changes; (7) the motivation for the conduct; (8) the
potential for pressure, coercion, exploitation, or duress; and (9) the likelihood of continuation or
recurrence.  The governing executive order further clarifies that "eligibility for access to
classified information shall be granted only to employees . . . whose personal and professional
history affirmatively indicates loyalty to the United States, strength of character, trustworthiness,
honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting
allegiances and potential for coercion, and willingness and ability to abide by regulations
governing the use, handling, and protection of classified information."  Executive Order No.
12968, § 3.1(b) (1995).

The Adjudicative Guidelines provide that every case must be judged on its own merits,
but that "any doubt concerning personnel being considered for access to classified information
will be resolved in favor of national security."  Further, "the ultimate determination of whether
the granting or continuing of eligibility for a security clearance is clearly consistent with the
interests of national security must be an overall common sense judgment based upon careful
consideration of the [individual guidelines] . . . in the context of the whole person."  The
individual seeking the security clearance bears the burden of proving that such clearance is fully
consistent with the interests of national security.

<u>Reconsideration Request and Appeal to the ARC</u>

In his ▮▮▮▮▮▮▮▮ reconsideration request, ▮▮▮▮▮▮ argued that ▮▮▮▮▮▮▮
in ▮▮▮▮▮▮▮▮ was not a disqualifying security consideration. ▮▮▮▮▮ stated that the
incident was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the imposition of a
▮▮▮▮▮▮▮▮▮▮▮▮ provided even more assurance that he would not repeat such
conduct. ▮▮▮▮▮▮ also stated that he had not been sure at the time of the incident, and was not
sure until the present, whether ▮▮▮▮▮▮▮▮▮▮
argued that this uncertainty mitigated the significance of his failure to disclose the ▮▮▮▮▮▮
incident to the FBI. ▮▮▮▮▮ also emphasized that his work record with the FBI was
exemplary and otherwise unblemished, and he pointed out that his supervisors and colleagues

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

3

Memorandum for Gerald Roberts, Jr.
Subject: Access Review Committee Appeal of [          ]

<span style="float:right">b6 per FBI<br>b7C per FBI</span>

held him in high regard. For these reasons, [          ] requested the reinstatement of his security clearance. In his [          ] ARC appeal, [          ] restated these arguments supporting the restoration of his security clearance.

<u>Hearing Proceedings and Discussion</u>

At the hearing, [          ] expressed regret regarding his [          ] and his [                    ] duty with the FBI. [          ] admitted that [                              ] had been a mistake [                    ] but he stated that he hadn't wanted the [              ]." At the same time, [          ] accepted full responsibility for his actions and argued that his FBI record showed him to be an exemplary employee who had made significant contributions to the FBI. Based on that record and an assessment of him as a whole person, [          ] asked the ARC to provide him a second chance to serve either the FBI or another federal agency by reinstating his security clearance. The FBI conceded that [          ] eventual admission of his misconduct was a mitigating factor, but it argued that his repeated [                              ] with the FBI raised legitimate concerns that could not be mitigated and that justified the revocation of his security clearance.

<span style="float:right">b6 per FBI<br>b7C per FBI<br>b5 per FBI<br>b7E per FBI</span>

The ARC agrees with the FBI and affirms the FBI's reconsideration decision. In doing so, it acknowledges [          ] otherwise unblemished record with the FBI and the contributions he has made to it during his service. As an ARC member noted at the hearing, however, the record does show that [                              ] engaged in [                              ] raises obvious and significant concerns about his trustworthiness and reliability. As a result of this misconduct, the FBI reasonably had doubts about giving [          ] access to classified information. The ARC's governing standard requires it to resolve such doubts in favor of national security, and it therefore affirms the FBI's reconsideration decision on that basis.

<span style="float:right">b6 per FBI<br>b7C per FBI<br>b5 per FBI<br>b7E per FBI</span>

cc: Bradley Weinsheimer
    Michael Nannes
    Eric Daniels, Attorney Advisor

**Exhibit A**



U.S. Department of Justice

MAY 21 2019                              *Washington, D.C. 20530*

Memorandum for Gerald Roberts, Jr.
                    Assistant Director, Security Division
                    Federal Bureau of Investigation

From:              Monty Wilkinson
                    Chairman, Access Review Committee

Subject:           Access Review Committee Appeal of [        ]          b6 per FBI
                                                                          b7C per FBI
                    Federal Bureau of Investigation

        The Access Review Committee (ARC) met on March 27, 2019, to consider
[                ] appeal of the [                ] decision of the Federal Bureau of Investigation
(FBI) to revoke his security clearance.  For the reasons discussed below, the ARC affirms the
FBI's decision.

                                    Background

[                    ] entered on duty with the FBI in                     b6 per FBI
[                                                        ]                  b7C per FBI
                                                                           b5 per FBI
[                                                        ]                  b7E per FBI
[                             ] By letter dated [        ]        Laura A. Bucheit,
Assistant Director, Security Division, FBI, revoked [        ] security clearance.  The
revocation was based on [                                                        ]
[                                                                                ]
[                            ] Based on these factors, the FBI determined that the
concerns raised by [                        ] conduct amounted to a significant and unacceptable risk to
the national security, supporting the revocation of his clearance.[1]  On [            ] the FBI
affirmed this decision on reconsideration, and [                ] appealed the reconsideration
decision to the ARC in [                ]

                    Guidelines for Revocation of Security Clearance

        A review identified that the following Adjudicative Guidelines set forth by the Security
Policy Board are applicable to this appeal:

---
[1] Separately, the FBI removed [                    ] based on this underlying misconduct, but its   b6 per FBI
Disciplinary Review Board mitigated the penalty to a 105-day suspension in [        ]                b7C per FBI

**Exhibit A**

*Guideline E, Personal Conduct.*  The concern is that conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness and ability to protect classified information. Conditions that could raise a security concern and may be disqualifying include deliberately providing false or misleading information concerning relevant facts to an employer, investigator, security official, competent medical authority, or other official government representative.  Concerns may also be raised by refusal to provide full, frank and truthful answers to lawful questions of investigators, security officials or other official representatives in connection with a personnel security or trustworthiness determination.  Conditions that could raise a security concern and may be disqualifying also include: credible adverse information that is not explicitly covered under any other guideline and may not be sufficient by itself for an adverse determination, but which, when combined with all available information, supports a whole-person assessment of questionable judgment, untrustworthiness, unreliability, lack of candor, unwillingness to comply with rules and regulations, or other characteristics indicating that the individual may not properly safeguard protected information.

*Adjudicative Guideline J, Criminal Conduct.*  Criminal activity creates doubt about a person's judgment, reliability, and trustworthiness because, by its very nature, it calls into question a person's ability or willingness to comply with laws, rules, and regulations.  Conditions that could raise a security concern and may be disqualifying include: a pattern of minor offenses, any one of which on its own would be unlikely to affect a national security eligibility decision, but which in combination cast doubt on the individual's judgment, reliability, or trustworthiness; and evidence (including, but not limited to, a credible allegation, an admission, and matters of official record) of criminal conduct, regardless of whether the individual was formally charged, prosecuted, or convicted.

<u>FBI's Reasons for Revoking Security Clearance</u>



[_____] reported the incident to the FBI. He claimed that [_____] had been caused    `b6 per FBI`
by [_____]     `b7C per FBI`
[_____] interview with FBI investigators, he     `b5 per FBI`
denied [_____] In a later     `b7E per FBI`
interview on [_____] he admitted to the FBI that he had [_____]
[_____] and he provided a signed, sworn statement to that effect.
[_____] still denied that the [_____]
[_____] stated that he had refused to [_____]
[_____] He admitted to a prior [_____] that had
occurred before his FBI employment in late [_____]

In revoking his clearance, the FBI concluded that these events showed that [_____]     `b6 per FBI`
[_____]     `b7C per FBI`
[_____] It also determined that he had     `b5 per FBI`
provided false information to FBI investigators about [_____]     `b7E per FBI`
[_____] In addition, the FBI found that [_____] responsibility for [_____]
[_____] demonstrated a pattern of disobeying laws and putting the
safety of the public at risk. The FBI concluded that this misconduct as a whole reflected
unfavorably on [_____] reliability, judgment, and trustworthiness, and that it rendered
him ineligible to hold a security clearance.

### Standard Governing the ARC's Examination

The ARC is charged under the Adjudicative Guidelines with examining a sufficient
period of a person's life to make an affirmative determination whether the person is eligible for a
security clearance. In this process, the ARC must carefully weigh a number of variables known
as the "whole-person concept." In evaluating the relevance of an individual's conduct, the
following factors should be considered: (1) the nature, extent, and seriousness of the conduct;
(2) the circumstances surrounding the conduct, to include knowledgeable participation; (3) the
frequency and recency of the conduct; (4) the individual's age and maturity at the time of the
conduct; (5) the extent to which participation is voluntary; (6) the presence or absence of
rehabilitation and other pertinent behavioral changes; (7) the motivation for the conduct; (8) the
potential for pressure, coercion, exploitation, or duress; and (9) the likelihood of continuation or
recurrence. The governing executive order further clarifies that "eligibility for access to
classified information shall be granted only to employees . . . whose personal and professional
history affirmatively indicates loyalty to the United States, strength of character, trustworthiness,
honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting
allegiances and potential for coercion, and willingness and ability to abide by regulations
governing the use, handling, and protection of classified information." Executive Order
No. 12968, § 3.1(b) (1995).

The Adjudicative Guidelines provide that every case must be judged on its own merits,
but that "any doubt concerning personnel being considered for access to classified information
will be resolved in favor of national security." Further, "the ultimate determination of whether
the granting or continuing of eligibility for a security clearance is clearly consistent with the
interests of national security must be an overall common sense judgment based upon careful

**Exhibit A**

consideration of the [individual guidelines] . . . in the context of the whole person." The individual seeking the security clearance bears the burden of proving that such clearance is fully consistent with the interests of national security.

<u>Reconsideration Request and Appeal to the ARC</u>

In his [redacted] reconsideration request [redacted] explained that his misconduct occurred while he was [redacted]   b6 per FBI  b7C per FBI [redacted] expressed remorse for his exercise of poor judgment, but he argued that it happened when [redacted] asserted that such misconduct would not happen again because he [redacted] by making poor choices in the future. [redacted] stated that he was embarrassed by his misconduct, but he also maintained that he could make positive contributions to the FBI and would not increase its vulnerability or risk. [redacted] did not supplement his brief ARC appeal request with any additional arguments or information.

<u>Hearing Proceedings and Discussion</u>

At the hearing, [redacted] again expressed regret for his misconduct and took responsibility for it, while pointing out [redacted]   b6 per FBI  b7C per FBI [redacted] also described his resolve to be more accountable for his actions and to take steps, including therapy, to that end; he stated that he would no longer abuse the privileges that he had been given. The FBI relied on the written record to argue that [redacted] admitted misconduct raised issues about his trustworthiness, reliability, and judgment that could not be mitigated.

The ARC agrees and affirms the FBI's reconsideration decision. The ARC acknowledges [redacted] expressions of regret for his misconduct and his intention to make more responsible decisions in his personal and professional life. At the same time, however, [redacted] raises legitimate doubts about his trustworthiness and judgment if entrusted with classified information. The ARC's governing standard requires it to resolve such doubts in favor of national security, and it therefore affirms the FBI's reconsideration decision.   b6 per FBI  b7C per FBI  b5 per FBI  b7E per FBI

4

**Exhibit A**



**U.S. Department of Justice**

_Washington, D.C. 20530_

MAR 25 2019

MEMORANDUM FOR GERALD ROBERTS, JR.
               Assistant Director, Security Division
               Federal Bureau of Investigation

FROM:        Monty Wilkinson
               Chair, Access Review Committee

SUBJECT:   Access Review Committee Appeal of ⬛⬛⬛⬛⬛⬛   b6 per FBI
            ⬛⬛⬛⬛⬛⬛                             b7C per FBI
            Federal Bureau of Investigation

      The Access Review Committee (ARC) met on November 13, 2018, to consider ⬛⬛⬛⬛⬛⬛ appeal of the August 22, 2016 decision of the Federal Bureau of Investigation (FBI) to revoke her security clearance.  For the reasons discussed below, the ARC affirms the FBI's decision.

<u>Background</u>

      ⬛⬛⬛⬛⬛⬛ entered on duty with the FBI ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ and  b6 per FBI
later became a ⬛⬛⬛⬛⬛⬛ By letter dated ⬛⬛⬛⬛⬛ Alex J. Turner, Assistant  b7C per FBI
Director, Security Division, FBI, revoked ⬛⬛⬛⬛ security clearance.  The revocation was  b5 per FBI
based on the ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛  b7E per FBI
⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ Based
on these events, the FBI determined that the concerns raised by ⬛⬛⬛⬛ conduct amounted to a significant and unacceptable risk to the national security, supporting the revocation of her clearance. ⬛⬛⬛⬛⬛⬛⬛ the FBI affirmed this decision on reconsideration, and ⬛⬛⬛ ⬛⬛⬛ appealed the reconsideration decision to the ARC.

<u>Guideline for Revocation of Security Clearance</u>

      A review identified that the following Adjudicative Guideline set forth by the Security Policy Board is applicable to this appeal:

_Guideline A, Allegiance to the United States._  The concern is that an individual must be of unquestioned allegiance to the United States. The willingness to safeguard classified information is in doubt if there is any reason to suspect an individual's allegiance to the United States. Conditions that could raise a security concern and may be disqualifying include association or

**Exhibit A**

Subject: Access Review Committee Appeal of [                                    ]  b6 per FBI
Federal Bureau of Investigation  b7C per FBI

sympathy with persons who are attempting to commit, or who are committing, any of the following acts: involvement in, support of, training to commit, or advocacy of any act of sabotage, espionage, treason, terrorism, or sedition against the United States of America.

*Guideline B, Foreign Influence.* Foreign contacts and interests may be a security concern if the individual has divided loyalties or foreign financial interests, may be manipulated or induced to help a foreign person, group, organization, or government in a way that is not in U.S. interests, or is vulnerable to pressure or coercion by any foreign interest. Adjudication under this Guideline can and should consider the identity of the foreign country in which the foreign contact or financial interest is located, including, but not limited to, such considerations as whether the foreign country is known to target United States citizens to obtain protected information and/or is associated with a risk of terrorism. Relevant factors for consideration include contacts with foreign family members or friends, foreign financial interests, contacts with foreign governments, and counterintelligence information indicating an unacceptable risk to national security.

*Guideline E, Personal Conduct.* The concern is that conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness and ability to protect classified information. Of special interest is any failure to provide truthful and candid answers during the security clearance process or any other failure to cooperate with the security clearance process. Factors for consideration that may be disqualifying include deliberate omission or concealment of relevant facts during an investigation, a pattern of rule violations, or credible information that supports a whole-person assessment of questionable judgment or untrustworthiness.

*Guideline F, Financial Considerations.* Failure or inability to live within one's means, satisfy debts, and meet financial obligations may indicate poor self-control, lack of judgment, or unwillingness to abide by rules and regulations, all of which can raise questions about an individual's reliability, trustworthiness and ability to protect classified information. An individual who is financially overextended is at risk of having to engage in illegal acts to generate funds. Conditions that could be disqualifying include inability or unwillingness to satisfy debts.

<u>FBI's Reasons for Revoking Security Clearance</u>  b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

After a periodic reinvestigation of [              ] the FBI concluded that [                    ]

[                                                                                                ]It

also determined that [                    ]

[                                    ]² The FBI further noted that [                    ]

[                                                            ] It also concluded that [        ]

---

¹ In the bracketed, sensitive portions of its supporting material, the FBI explained its concerns regarding [        ] *See* FBI[        ]Letterhead Memorandum (LHM) at 13 (FBI File, Part 1).
² The FBI investigated in[        ]alleged[        ]
but the Department declined prosecution of[                            ] *See* LHM at 12.

**Exhibit A**

Subject: Access Review Committee Appeal of ⬚
Federal Bureau of Investigation

b6 per FBI<br>b7C per FBI<br>b5 per FBI<br>b7E per FBI

⬚ Similarly, the FBI found that ⬚ had not reported ⬚ It also noted that ⬚ on ⬚ Finally, it stated that ⬚ involving extensive ⬚

    In the sensitive portions of its supporting documents, the FBI explained its security concerns about ⬚ between ⬚ *See* FBI File, Part 5, Tab 7 at 4-6, 8, and 10. With respect to personal conduct, the FBI expressed its concerns about ⬚ on disclosure forms in ⬚ as well as her failure in ⬚ to disclose ⬚ It also noted that ⬚ raised concerns about her reliability and trustworthiness. With respect to ⬚ the FBI concluded that ⬚ In a sensitive portion of its decision, the FBI provided an overall summary of its concerns, which it believed could not be mitigated and supported revocation of ⬚ clearance. *See* FBI File, Part 5, Tab 7 at 13.

b6 per FBI<br>b7C per FBI<br>b5 per FBI<br>b7E per FBI

<u>Standard Governing the ARC's Examination</u>

    The ARC is charged under the Adjudicative Guidelines with examining a sufficient period of a person's life to make an affirmative determination whether the person is eligible for a security clearance. In this process, the ARC must carefully weigh a number of variables known as the "whole person concept." In evaluating the relevance of an individual's conduct, the following factors should be considered: (1) the nature, extent, and seriousness of the conduct; (2) the circumstances surrounding the conduct, to include knowledgeable participation; (3) the frequency and recency of the conduct; (4) the individual's age and maturity at the time of the conduct; (5) the extent to which participation is voluntary; (6) the presence or absence of rehabilitation and other pertinent behavioral changes; (7) the motivation for the conduct; (8) the potential for pressure, coercion, exploitation, or duress; and (9) the likelihood of continuation or recurrence. The governing executive order further clarifies that "eligibility for access to classified information shall be granted only to employees . . . whose personal and professional history affirmatively indicates loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting allegiances and potential for coercion, and willingness and ability to abide by regulations governing the use, handling, and protection of classified information." Executive Order No. 12968, § 3.1(b) (1995). The Adjudication Guidelines provide that every case must be judged on its own merits, but that "any doubt concerning personnel being considered for access to classified information will be resolved in favor of national security." Further, "the ultimate determination of whether the granting or continuing of eligibility for a security clearance is clearly consistent with the interests of national security must be an overall common sense judgment based upon careful consideration of the [individual guidelines] . . . in the context of the

3

<strong>Exhibit A</strong>

Subject:  Access Review Committee Appeal of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
          Federal Bureau of Investigation

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

whole person." The individual seeking the security clearance bears the burden of proving that such clearance is fully consistent with the interests of national security.

<u>Reconsideration Request and Appeal to the ARC</u>

In her ▓▓▓▓▓▓▓▓ reconsideration request, *see* FBI File, Part 4, Tab 6 at 1-23, ▓▓▓▓▓▓▓▓ denied any ▓▓▓▓▓▓▓▓ or knowledge of ▓▓▓▓▓▓▓▓ and she asserted ▓▓▓▓▓▓▓▓ In addition, she argued that ▓▓▓▓▓▓▓▓ with ▓▓▓▓▓▓▓▓ also argued that she had ▓▓▓▓▓▓▓▓ and that the FBI had not denied her access to classified information previously for that reason. On other issues, ▓▓▓▓▓▓▓▓ maintained that she ▓▓▓▓▓▓▓▓ when called upon to do so in ▓▓▓▓ but noted that earlier ▓▓▓▓▓▓▓▓ She also stressed that ▓▓▓▓▓▓▓▓ had ended many years earlier, ▓▓▓▓▓▓▓▓ admitted having some ▓▓▓▓▓▓▓▓ but denied that these ▓▓▓▓▓▓▓▓

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

Regarding her ▓▓▓▓▓▓▓▓ argued that the FBI had misrepresented their significance and extent. With respect to the latter, ▓▓▓▓▓▓▓▓ clarified that she had not seen ▓▓▓▓ for a ▓▓▓▓▓▓▓▓ She reported seeing ▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓

With respect to ▓▓▓▓▓▓▓▓ denied any attempt to conceal them and argued that the FBI had already been aware of ▓▓▓▓ involving ▓▓▓▓▓▓▓▓ Regarding her ▓▓▓▓▓▓▓▓ argued that she made more detailed explanations in ▓▓▓▓ when called upon to do so but had not previously been required to make such disclosures. With respect to ▓▓▓▓ ▓▓▓▓▓▓▓▓ also noted a variety of unusual circumstances about ▓▓▓▓▓▓▓▓ In addition, she asserted that ▓▓▓▓▓▓▓▓ also shared the results of another private polygraph examination she had arranged at her own expense; the examination had asked ▓▓▓▓ ▓▓▓▓▓▓▓▓

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

On the overall issue of ▓▓▓▓▓▓▓▓ argued that the record showed ▓▓▓▓▓▓▓▓ and that she had ▓▓▓▓▓▓▓▓ She asserted that she had always been very forthcoming with the FBI about

4

**Exhibit A**

Subject: Access Review Committee Appeal of ⬛⬛⬛⬛⬛⬛⬛⬛⬛
Federal Bureau of Investigation

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

these matters and that her dealings with the FBI ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛⬛ With respect to her ⬛⬛⬛⬛⬛⬛⬛ stated
that ⬛ and that she had
⬛⬛ while keeping the FBI informed of her
⬛⬛⬛⬛⬛ Applying the whole-person concept to this matter, ⬛⬛⬛⬛ argued that
she had always been honest with the FBI and had attempted to do her job successfully, and she
maintained that her record with the FBI showed that she was ⬛⬛⬛⬛⬛⬛⬛⬛⬛
⬛⬛ She concluded that the FBI had apparently based its revocation decision on the ⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛⬛⬛
alleged that the FBI's Security Division had apparently decided upon a result and constructed a
speculative reading of her background to fit that result. ⬛⬛⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ After the FBI
sustained its initial decision on ⬛⬛⬛⬛⬛ received its reconsideration
decision on ⬛⬛⬛⬛⬛ She filed an ARC appeal on ⬛⬛⬛⬛⬛ and she
enclosed her ⬛⬛⬛⬛⬛ reconsideration request for further discussion during her
presentation to the ARC.

### Hearing Proceedings and Discussion

At the hearing, the FBI argued that there were a number of risks associated with
⬛⬛⬛⬛⬛⬛ that could not be mitigated. It again maintained that ⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

The FBI also asserted that based on ⬛⬛⬛⬛⬛⬛⬛⬛ significant concerns
existed regarding a ⬛⬛⬛⬛⬛⬛ It further cited ⬛⬛⬛⬛⬛ In
response. ⬛⬛⬛⬛ emphasized the ⬛⬛⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ She denied
that any of her ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛ would reasonably have any effect on her allegiance to the United States.
⬛⬛⬛⬛⬛ also denied having any knowledge that ⬛⬛⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ argued that

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛ With respect to the ⬛⬛⬛⬛⬛⬛ asserted again that her
⬛⬛⬛⬛⬛⬛ at that time, and the ⬛⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛ also maintained that her otherwise exemplary service record with the FBI
showed her loyalty to the United States.

The ARC agrees with the FBI that the record supports the revocation of ⬛⬛⬛⬛⬛
security clearance. As noted above, the record contains information raising legitimate and
serious concerns about ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ In addition, ⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛⬛ could raise concerns both about her truthfulness and about
her vulnerability to ⬛⬛⬛⬛ Similarly, the extensive nature of ⬛⬛⬛⬛⬛⬛

**Exhibit A**

Subject: Access Review Committee Appeal of [ ]
         Federal Bureau of Investigation

b6 per FBI
b7C per FBI

[ ] could make her a target for CI activity and subject her to possible attempts at coercion or compromise. In reaching these conclusions, the ARC is not casting aspersions against [ ] regarding her loyalty to the United States. Indeed, at the hearing, counsel for the FBI stated that the FBI itself made no such finding or suggestion. The dispositive issue, instead, is whether the record establishes risk or doubt about entrusting [ ] with classified information. Based on this record, the ARC agrees that the FBI could reasonably have such concerns, and our governing standard therefore requires us to resolve those concerns in favor of national security and affirm the FBI's reconsideration decision.

cc: Brad Weinshehimer
    Michael Nannes
    Eric Daniels, Attorney Advisor

**Exhibit A**



**U.S. Department of Justice**

---

*Washington, D.C. 20530*

MAR 05 2019

MEMORANDUM FOR GERALD ROBERTS, JR.
               Assistant Director, Security Division
               Federal Bureau of Investigation

FROM:         Monty Wilkinson
               Chairman, Access Review Committee

SUBJECT:     Access Review Committee Appeal of [ ]        b6 per FBI
                                                b7C per FBI
          [ ]
         Federal Bureau of Investigation

     The Access Review Committee (ARC) met on November 8, 2018, to consider [ ] appeal of the [ ] decision of the Federal Bureau of Investigation (FBI) to revoke his security clearance. For the reasons set forth below, the ARC affirms the FBI's decision.

**Background**

     [ ] entered on duty with the FBI in [ ] [ ] Alex J. Turner, Assistant Director, Security Division, FBI, revoked [ ] security clearance. The revocation was based on [ ] while employed by the FBI. [ ] [ ] The FBI also determined that [ ] Based on these events, the FBI concluded that the concerns raised by [ ] conduct amounted to a significant and unacceptable risk to the national security, supporting the revocation of his clearance.[1] [ ] the FBI affirmed this decision on reconsideration, and [ ] appealed the reconsideration decision to the ARC.

                                             b6 per FBI
                                           b7C per FBI
                                           b5 per FBI
                                           b7E per FBI

---

[1] Separately, the FBI removed [ ] from the rolls of the FBI on [ ] based on this underlying misconduct.

**Exhibit A**

Memorandum for Gerald Roberts, Jr.                                                Page 2
Access Review Committee Appeal of [redacted] FBI

b6 per FBI
b7C per FBI

### Guideline for Revocation of Security Clearance

A review identified that the following Adjudicative Guideline set forth by the Security Policy Board is applicable to this appeal:

*Guideline E, Personal Conduct.* The concern is that conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness and ability to protect classified information. Conditions that could raise a security concern and may be disqualifying include deliberately providing false or misleading information concerning relevant facts to an employer, investigator, security official, competent medical authority, or other official government representative. Those conditions also include credible adverse information that is not explicitly covered under any other guideline and may not be sufficient by itself for an adverse determination, but which, when combined with all available information, supports a whole-person assessment of questionable judgment, untrustworthiness, unreliability, lack of candor, unwillingness to comply with rules and regulations, or other characteristics indicating that the individual may not properly safeguard protected information. Factors considered under this guideline could include a pattern of dishonesty or rule violations, as well as personal conduct, or concealment of information about one's conduct, that creates a vulnerability to exploitation, manipulation, or duress by a foreign intelligence entity or other individual or group.

### FBI's Reasons for Revoking Security Clearance

After an investigation that [redacted] the FBI concluded based on a sworn statement from [redacted] that he had [redacted] while he was employed with the FBI. The FBI also found that [redacted] had ignored warnings to [redacted] These matters required the involvement of [redacted] denied knowing after the alleged [redacted] that it was a problem for him [redacted] The FBI concluded that this [redacted] and evidenced [redacted] although [redacted] had not been [redacted] In addition, it concluded that [redacted] The FBI also found that [redacted]

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

In evaluating the significance of these incidents, the FBI determined that [redacted] were very troubling, as were his decisions to [redacted] With respect to the [redacted] outlined above, the FBI expressed its concern that [redacted] had ignored his own management's instructions and warnings from [redacted]

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

**Exhibit A**

Memorandum for Gerald Roberts, Jr.                                    Page 3
Access Review Committee Appeal of [          ] FBI

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

In addition, the FBI determined that he had been [          ] by denying knowledge [          ] could be a problem. Given these circumstances, the FBI concluded that [          ] conduct posed an unacceptable risk to national security that could not be mitigated, and it revoked his security clearance on that basis.

### Standard Governing the ARC's Examination

    The ARC is charged under the Adjudicative Guidelines with examining a sufficient period of a person's life to make an affirmative determination whether the person is eligible for a security clearance.  In this process, the ARC must carefully weigh a number of variables known as the "whole person concept."  In evaluating the relevance of an individual's conduct, the following factors should be considered:  (1) the nature, extent, and seriousness of the conduct; (2) the circumstances surrounding the conduct, to include knowledgeable participation; (3) the frequency and recency of the conduct; (4) the individual's age and maturity at the time of the conduct; (5) the extent to which participation is voluntary; (6) the presence or absence of rehabilitation and other pertinent behavioral changes; (7) the motivation for the conduct; (8) the potential for pressure, coercion, exploitation, or duress; and (9) the likelihood of continuation or recurrence.  The governing executive order further clarifies that "eligibility for access to classified information shall be granted only to employees . . . whose personal and professional history affirmatively indicates loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting allegiances and potential for coercion, and willingness and ability to abide by regulations governing the use, handling, and protection of classified information."  Executive Order No. 12968, § 3.1(b) (1995).

    The Adjudication Guidelines provide that every case must be judged on its own merits, but that "any doubt concerning personnel being considered for access to classified information will be resolved in favor of national security."  Further, "the ultimate determination of whether the granting or continuing of eligibility for a security clearance is clearly consistent with the interests of national security must be an overall common sense judgment based upon careful consideration of the [individual guidelines] . . . in the context of the whole person."  The individual seeking the security clearance bears the burden of proving that such clearance is fully consistent with the interests of national security.

### Reconsideration Request and Appeal to the ARC

    In his reconsideration request, [          ] argued that it had been [          ] since his [          ] made it very unlikely that it would ever happen again; he stated that he took full responsibility for those incidents and would never repeat them.  With respect to the [          ] asserted that the FBI had ignored the fact that many of them [          ] Regarding the issue of [          ] stated that [          ] Concerning his alleged [          ] maintained that the FBI had misleadingly quoted him without the full context of his remarks [          ] In talking to [          ]

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

**Exhibit A**

Memorandum for Gerald Roberts, Jr.                                    Page 4
Access Review Committee Appeal of [REDACTED] FBI

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

[REDACTED] he denied knowing of a "problem" to [REDACTED] not generally but specifically for the purpose of [REDACTED] According to [REDACTED] for that limited purpose had always been acceptable, and he had been unaware that it was not acceptable. Concerning his [REDACTED] argued that his attempts to stay as [REDACTED] as possible had been successful since the events of [REDACTED] He noted that [REDACTED] Given these circumstances, [REDACTED] argued that a "whole person" analysis of the matter left no valid reason to deny him a security clearance.

In his ARC appeal, [REDACTED] largely restated and expanded upon the points made in his reconsideration request. He argued that his greater maturity and [REDACTED] made it very unlikely for him to repeat any misconduct involving [REDACTED] he also pointed out that the consequences for him from his removal and the clearance revocation made even clearer the importance of avoiding similar misconduct in the future. With respect to the [REDACTED] he argued again that those [REDACTED] but that the passage of time, [REDACTED] reduced the possibility for future [REDACTED] Regarding his alleged [REDACTED] denied making any [REDACTED] and asserted that his remarks in their full context were truthful and accurate. [REDACTED] concluded by arguing that no specific risk of a security breach had been established or existed now, and he sought restoration of his security clearance on that basis.

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

<u>Hearing Proceedings and Discussion</u>

At the hearing, [REDACTED] denied [REDACTED] He asserted that his [REDACTED] Regarding [REDACTED] pointed out that the [REDACTED] He also argued that the [REDACTED] that did not raise larger issues about his trustworthiness and credibility. The FBI argued that [REDACTED] about his personal conduct. It also argued that [REDACTED] raised questions about his [REDACTED] In addition, the FBI stated that [REDACTED] had [REDACTED] It argued that his [REDACTED] put him at risk of coercion from foreign intelligence agents. [REDACTED] denied any [REDACTED] regarding his [REDACTED] and he stated that no foreign national had ever asked him questions which were inappropriate or raised suspicions.

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

The ARC agrees with the FBI that the record supports the revocation of [REDACTED] security clearance. (In doing so, it does not rely on the matters involving his [REDACTED] It finds that the FBI could have legitimate doubts about the purpose of [REDACTED] and that the record supports the view that [REDACTED]

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

**Exhibit A**

Memorandum for Gerald Roberts, Jr.                                          Page 5
Access Review Committee Appeal of [           ] FBI

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

[                    ] In addition, his admitted [                    ] over an extended period [                ] raise valid concerns about whether his personal life could expose him to foreign counter-intelligence threats and coercion, particularly since [                ] The ARC acknowledges [                ] service record with the FBI and does not question his commitment to government service or his loyalty to his country.

At the same time, however, the ARC is required by its governing standard to resolve any doubts in favor of national security. Since the FBI had legitimate doubts based on these matters, the ARC must affirm its reconsideration decision and its revocation of [              ] security clearance.

cc: Bradley Weinsheimer
    Michael Nannes
    Eric Daniels

**Exhibit A**



U.S. Department of Justice

JUN 2 8 2019                    *Washington, D.C. 20530*

MEMORANDUM FOR GERALD ROBERTS, JR.
                     Assistant Director, Security Division
                     Federal Bureau of Investigation

FROM:          Monty Wilkinson
                     Chair, Access Review Committee

SUBJECT:       Access Review Committee Appeal of ☐            b6 per FBI
                                                                                    b7C per FBI
               ☐ Federal Bureau of Investigation

     The Access Review Committee (ARC) met on September 28, 2016, to consider
☐ appeal of the ☐ decision of the Federal Bureau of Investigation (FBI) to
revoke his security clearance. For the reasons discussed below, the ARC affirms the FBI's
decision.[1]

<u>Background</u>

     By letter dated ☐ April D. Brooks, Acting Assistant Director, Security
Division, FBI, revoked ☐ security clearance. The revocation was based on the    b6 per FBI
determination that ☐                                                                              b7C per FBI
                                                                                                          b5 per FBI
☐                                                                                                        b7E per FBI
☐                                                                      [2] Through
his counsel, ☐ requested documents from the FBI in ☐ and requested
reconsideration of the decision to revoke his clearance in ☐            the
FBI affirmed its decision after reconsideration, and ☐ then requested a personal
appearance before the ARC.

---

[1] After the hearing in ☐ the composition of the ARC changed. None of the current members of the
ARC participated in the hearing; however, the ARC's counsel was present. The current ARC members have
thoroughly reviewed the record in this matter and were briefed by the ARC's counsel in reaching this decision.

[2] Separately, as discussed below, the FBI proposed ☐ removal in ☐ based on these events, but it    b6 per FBI
mitigated the penalty to a 60-day suspension in ☐ and imposed a last-chance settlement agreement.    b7C per FBI

**Exhibit A**

Guidelines for Revocation of Security Clearance

b6 per FBI
b7C per FBI

In its [_____] decision, the FBI identified the following Adjudicative Guidelines set forth by the Security Policy Board as applicable to this appeal:

*Guideline E, Personal Conduct.* Conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness and ability to protect classified information. Of special interest is any failure to provide truthful and candid answers during the security clearance process or any other failure to cooperate with the security clearance process.

Conditions that may also be disqualifying include credible adverse information that is not explicitly covered under any other guideline and may not be sufficient by itself for an adverse determination, but which, when combined with all available information supports a whole-person assessment of questionable judgment, untrustworthiness, unreliability, lack of candor, unwillingness to comply with rules and regulations, or other characteristics indicating that the person may not properly safeguard protected information. This includes but is not limited to consideration of a pattern of dishonesty or rule violations.

*Guideline J, Criminal Conduct.* Criminal activity creates doubt about a person's judgment, reliability and trustworthiness. By its very nature, it calls into question a person's ability or willingness to comply with laws, rules and regulations. Unfavorable clearance action will normally occur based on evidence of a single serious crime or multiple lesser offenses, or allegation or admission of criminal conduct, regardless of whether the person was formally charged, formally prosecuted or convicted.

FBI's Reasons for Revoking Security Clearance

The FBI based its revocation of [_____] clearance on [_____]
He claimed that [_____]
[_____] later admitted, however, he knew that he had [_____]
[_____]
[_____] He maintained that version of events in talking to [_____] assigned to the matter, however, told [_____]
[_____] At that point, [_____] admitted that he [_____]
[_____]

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

[_____] District Attorney's office investigated the matter as a [_____]
[_____] As a result, [_____] entered into a plea agreement that would discharge him of any liability for the offenses by [_____] if he complied with its terms. While the criminal matter was being investigated, [_____] FBI

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

2

**Exhibit A**

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

The FBI proposed _____ removal on _____ based on charges related to _____ In lieu of his removal, _____ entered into a last-chance settlement agreement where he agreed to a 60-day suspension.  In revoking _____ security clearance based on these facts, the FBI relied heavily on his _____ and it emphasized that his actions had exposed him possibly to both state and federal criminal liability.  It also noted that _____ meant that he now had _____

### Standard Governing the ARC's Examination

The ARC is charged under the Adjudicative Guidelines with examining a sufficient period of a person's life to make an affirmative determination whether the person is eligible for a security clearance.  In this process, the ARC must carefully weigh a number of variables known as the "whole person concept."  In evaluating the relevance of an individual's conduct, the following factors should be considered:  (1) the nature, extent, and seriousness of the conduct; (2) the circumstances surrounding the conduct, to include knowledgeable participation; (3) the frequency and recency of the conduct; (4) the individual's age and maturity at the time of the conduct; (5) the extent to which participation is voluntary; (6) the presence or absence of rehabilitation and other pertinent behavioral changes; (7) the motivation for the conduct; (8) the potential for pressure, coercion, exploitation, or duress; and (9) the likelihood of continuation or recurrence.  The governing executive order further clarifies that "eligibility for access to classified information shall be granted only to employees . . . whose personal and professional history affirmatively indicates loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting allegiances and potential for coercion, and willingness and ability to abide by regulations governing the use, handling, and protection of classified information."  Executive Order No. 12968, § 3.1(b) (1995).

The Adjudicative Guidelines provide that every case must be judged on its own merits, but that "any doubt concerning personnel being considered for access to classified information will be resolved in favor of national security."  Further, "the ultimate determination of whether the granting or continuing of eligibility for a security clearance is clearly consistent with the interests of national security must be an overall common sense judgment based upon careful consideration of the [individual guidelines] . . . in the context of the whole person."  The individual seeking the security clearance bears the burden of proving that such clearance is fully consistent with the interests of national security.

### Reconsideration Request and Appeal to the ARC

In requesting reconsideration of the FBI's initial decision, _____ expressed his deep "guilt and remorse" over _____ and his regret over the "shame" he had brought upon himself.  He emphasized, however, that he would not repeat that misconduct in the future and detailed his otherwise exemplary record of service, including as an _____

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

3

**Exhibit A**

███████████ which included ████████████████ In his appeal to the ARC, ████████  **b6 per FBI**
admitted that his conduct had showed ████████████████████ but maintained that he  **b7C per FBI**
had no history of such misconduct ██████████████████████████ also asserted  **b5 per FBI**
that he had ████████████████  **b7E per FBI**
███████████████████████████████████████████████ investigate the matter.
He further noted that the FBI had already taken account of his performance and qualities as a
"whole person" by choosing not to remove him but to suspend him and place him on a last-
chance settlement agreement.

<u>Hearing Proceedings and Discussion</u>

████████████ argued at the hearing that many FBI employees had committed misconduct  **b6 per FBI**
implicating █████████████████████████ yet had retained their security clearances based on a  **b7C per FBI**
similar "whole person" analysis of those matters.  He asked the ARC to apply that standard in  **b5 per FBI**
this case and to find that ████████████████ and associated misconduct was "one serious  **b7E per FBI**
mistake of judgment entirely out of character for him." ████████ concluded that the FBI had
already disciplined him and penalized him appropriately for his misconduct and that an isolated
mistake did not require the loss of his security clearance.

At the hearing, the FBI admitted that its Office of Professional Responsibility had
permitted a settlement imposing a 60-day suspension, but it also argued that the standards
governing disciplinary penalties and the security clearance process were different in certain
material respects.  On the merits, the FBI maintained that it had legitimate concerns about
████████████████ conduct because it demonstrated █████████████ with suggestions that (at least initially)
██████████████

The ARC agrees and affirms the FBI's reconsideration decision.  While it acknowledges
████████████ expressions of regret for his conduct, the record establishes that he ██████████  **b6 per FBI**
██████████████ or the FBI.  Moreover, the incident resulted in criminal charges  **b7C per FBI**
against him by local law enforcement authorities that were resolved through a plea agreement.  **b5 per FBI**
Those circumstances, even if they involved only one incident, are enough to raise legitimate  **b7E per FBI**
doubts about ████████ trustworthiness and ability to safeguard classified information.  As noted
above, the governing standard for these appeals requires the ARC to resolve such doubts in favor
of national security, and it therefore affirms the FBI's revocation of ████████ clearance.

cc: Michael Nannes
    Bradley Weinsheimer
    Eric Daniels, Attorney Advisor

4

**Exhibit A**



**U.S. Department of Justice**

SEP 19 2019                    *Washington, D.C. 20530*

MEMORANDUM FOR GERALD ROBERTS, JR.
　　　　　　　　　　Assistant Director, Security Division
　　　　　　　　　　Federal Bureau of Investigation

FROM:　　　　　Monty Wilkinson
　　　　　　　　　　Chair, Access Review Committee

SUBJECT:　　　　Appeal of　　　　　　　　　　　　　　　b6 per FBI
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　b7C per FBI
　　　　　　　　　　Federal Bureau of Investigation (FBI)

　　　　The Access Review Committee (ARC) met on July 13, 2017, to consider _____ appeal of the _____ decision of the Federal Bureau of Investigation (FBI) to revoke his security clearance. For the reasons set forth below, the ARC affirms the FBI's decision.[1]

<u>Background</u>

　　　　By letter dated _____ Alex J. Turner, Assistant Director, Security Division, FBI, revoked _____ security clearance. The revocation was based largely on the alleged _____ b6 per FBI
_____ The decision also cited _____ b7C per FBI
alleged _____ the FBI affirmed b5 per FBI
the revocation after reconsideration, and _____ requested a hearing before the ARC. b7E per FBI

<u>Guidelines for Revoking Security Clearance</u>

　　　　In its _____ decision, the FBI identified the following Adjudicative Guidelines set forth by the Security Policy Board as applicable to this appeal:

*Guideline E, Personal Conduct.* Conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness and ability to protect classified information. Of special interest is any failure to provide truthful and candid answers during the security clearance process or any other failure to cooperate with the security clearance process. The following will normally result in an unfavorable clearance action or administrative termination of further

---

[1] After the hearing in _____ the composition of the ARC changed, with only one current ARC member and the ARC's counsel having attended that hearing. At this time, however, all of the ARC's members have thoroughly reviewed the entire record of this matter, including the hearing transcript, and render the decision below.

**Exhibit A**

Memorandum for Gerald Roberts, Jr.
Subject: Appeal of [            ]

b6 per FBI
b7C per FBI

processing for clearance eligibility: (a) refusal, or failure without reasonable cause, to undergo or cooperate with security processing, including but not limited to meeting with a security investigator for subject interview, completing security forms or releases, and cooperation with medical or psychological evaluation; (b) refusal to provide full, frank and truthful answers to lawful questions of investigators, security officials, or other official representatives in connection with a personnel security or trustworthiness determination.

Additional concerns could include deliberate omission, concealment, or falsification of relevant facts from any personnel security questionnaire, personal history statement, or similar form used to conduct investigations, determine employment qualifications, award benefits or status, determine security clearance eligibility or trustworthiness, or award fiduciary responsibilities. Concerns could also exist under this guideline about deliberately providing false or misleading information concerning relevant facts to an employer, investigator, security official, competent medical authority, or other official government representative.

*Guideline M, Use of IT Systems.* Noncompliance with rules, procedures, guidelines or regulations pertaining to information technology systems may raise security concerns about an individual's reliability and trustworthiness, calling into question the willingness or ability to properly protect sensitive systems, networks, and information. Conditions that could raise a security concern and may be disqualifying include illegal or unauthorized entry into any information technology system or component thereof; they might also include illegal or unauthorized modification, destruction, manipulation or denial of access to information, software, firmware, or hardware in an information technology system. Additionally, disqualifying concerns might include unauthorized use of a government or other information technology system as well as introduction, removal, or duplication of hardware, firmware, software, or media to or from any information technology system without authorization, when prohibited by rules, procedures, guidelines or regulations.

### FBI's Reasons for Revoking Security Clearance

On [            ] the FBI [            ]
[            ] The results were
[            ]
Although [            ] initially denied using [            ] he later admitted during [            ] interviews that he had done so. In addition, initially denied during [            ] interviews that he had [            ] but later admitted that he had [            ] The FBI concluded that [            ] misconduct had been deliberate when he [            ] on these issues. [            ]
[            ] It determined that the record showed a lack of reliability and trustworthiness on his part and that it could not entrust him with classified information.

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

**Exhibit A**

Memorandum for Gerald Roberts, Jr.
Subject: Appeal of [ ]

b6 per FBI
b7C per FBI

### Standard Governing the ARC's Examination

The ARC is charged under the Adjudicative Guidelines with examining a sufficient period of a person's life to make an affirmative determination whether the person is eligible for a security clearance. In this process, the ARC must carefully weigh a number of variables known as the "whole person concept." In evaluating the relevance of an individual's conduct, the following factors should be considered: (1) the nature, extent, and seriousness of the conduct; (2) the circumstances surrounding the conduct, to include knowledgeable participation; (3) the frequency and recency of the conduct; (4) the individual's age and maturity at the time of the conduct; (5) the extent to which participation is voluntary; (6) the presence or absence of rehabilitation and other pertinent behavioral changes; (7) the motivation for the conduct; (8) the potential for pressure, coercion, exploitation, or duress; and (9) the likelihood of continuation or recurrence. The governing executive order further clarifies that "eligibility for access to classified information shall be granted only to employees . . . whose personal and professional history affirmatively indicates loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting allegiances and potential for coercion, and willingness and ability to abide by regulations governing the use, handling, and protection of classified information." Executive Order No. 12968, § 3.1(b) (1995).

The Adjudicative Guidelines provide that every case must be judged on its own merits, but that "any doubt concerning personnel being considered for access to classified information will be resolved in favor of national security." Further, "the ultimate determination of whether the granting or continuing of eligibility for a security clearance is clearly consistent with the interests of national security must be an overall common sense judgment based upon careful consideration of the [individual guidelines] . . . in the context of the whole person." The individual seeking the security clearance bears the burden of proving that such clearance is fully consistent with the interests of national security.

### Reconsideration Request and Appeal to the ARC

In his reconsideration request, [ ] denied [ ]

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

He stated that he had [ ] Since concerns about [ ] asserted, he [ ] He alleged that FBI personnel had intimidated and coerced him into making a false confession of having [ ] when he actually had no knowledge of [ ] also disputed that any of the [ ] He argued that he had no specific motivation to [ ] and he denied any [ ] On those grounds, he sought the restoration of his clearance.

3

**Exhibit A**

Memorandum for Gerald Roberts, Jr.
Subject:  Appeal of ⬛⬛⬛⬛

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

<u>Hearing Proceedings and Discussion</u>

At the hearing, ⬛⬛⬛ again denied having ⬛⬛⬛⬛⬛⬛⬛ ⬛⬛⬛⬛⬛ He reported that he had ⬛⬛⬛⬛⬛⬛⬛⬛⬛ ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ stated that FBI officials had conducted a very adversarial interrogation of him in ⬛⬛⬛⬛⬛⬛ attempting to elicit a confession that he had ⬛⬛⬛⬛⬛⬛ but that he had truthfully denied doing so.  According to ⬛⬛⬛ he made a "false confession" during interviews on ⬛⬛⬛⬛⬛⬛⬛⬛ that he had ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ because of the pressure exerted by the FBI officials interviewing him. ⬛⬛⬛⬛⬛⬛ reported that he made the confession in an effort to appear cooperative and to "come clean" because the FBI officials wanted him to do so. ⬛⬛⬛⬛⬛⬛ characterized these false admissions as attempts to "appease" the FBI, but he repeated that he had never intentionally tried to ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ Regarding the ⬛⬛⬛⬛⬛ ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ conceded "⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ ⬛⬛⬛⬛⬛," but argued that ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ stated that he was a skilled professional who could still contribute to the FBI, and that allowing him to retain a security clearance was consistent with national security.

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

The FBI argued at the hearing that ⬛⬛⬛⬛⬛⬛ admitted ⬛⬛⬛⬛⬛⬛⬛⬛ and his shifting accounts of whether or not he had ⬛⬛⬛⬛⬛⬛ raised disqualifying concerns about his trustworthiness and reliability.  It also maintained that his ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ ⬛⬛⬛⬛⬛⬛⬛⬛ was misconduct that raised additional concerns about his reliability.

The ARC agrees and affirms the FBI's reconsideration decision. ⬛⬛⬛⬛⬛⬛ has explained why he made a false confession of ⬛⬛⬛⬛⬛⬛⬛⬛ to avoid perceived pressures from the FBI.  That confession, however, is still part of the record along with his other denials of having ⬛⬛⬛⬛⬛⬛⬛⬛ and his inconsistent accounts do raise legitimate concerns about whether he has been entirely truthful about this issue.  In addition, he has admitted ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ even though he knew that he wasn't supposed to do so. As the governing standard outlined above indicates, the ARC is required to resolve any doubt about an employee considered for access to classified information in favor of national security. Based on ⬛⬛⬛⬛⬛ differing accounts regarding ⬛⬛⬛⬛⬛⬛⬛ and his admitted ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ the FBI had valid grounds for doubting his judgment and truthfulness.  The ARC therefore affirms the FBI's reconsideration decision on that basis.

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

**Exhibit A**



U.S. Department of Justice

Washington, D.C. 20530

JUN 0 4 2019

MEMORANDUM FOR GERALD ROBERTS, JR.
                  Assistant Director, Security Division
                  Federal Bureau of Investigation

FROM:        Monty Wilkinson
                Chairman, Access Review Committee

SUBJECT:     Access Review Committee Appeal of [          ]    b6 per FBI
              [                                  ]        b7C per FBI
              Federal Bureau of Investigation

      The Access Review Committee (ARC) met on April 4, 2019, to consider [          ] appeal of the [                    ] decision of the Federal Bureau of Investigation (FBI) to revoke her security clearance.[1]  For the reasons discussed below, the ARC affirms the FBI's decision.

<u>Background</u>

      [          ] entered on duty with the FBI in [          ] and worked in the [          ] Field Office as an [                    ] at the time of the events described below.  By letter dated [          ] Clifford C. Holly, Assistant Director, Security Division, FBI, revoked [          ] security clearance.  The revocation was based on [          ]      b6 per FBI
                                                      b7C per FBI
                                                        b5 per FBI
                                                        b7E per FBI
[                    ] Based on these events, the FBI determined that the concerns raised by [          ] conduct amounted to a significant and unacceptable risk to the national security, supporting the revocation of her clearance.[2] [                    ] the FBI affirmed this decision on reconsideration, and [          ] appealed the reconsideration decision to the ARC in [          ]

---

[1] ARC member Bradley Weinsheimer did not participate in the hearing but did review the supporting materials.
[2] Separately, the FBI proposed [          ] 25-day suspension in [          ] for [          ] the deciding official sustained the allegations relating to the [          ] but without explanation did not sustain the [          ]  The deciding official mitigated the proposed penalty from 25 to 10 days.  The FBI's records do not include any information revealing the deciding official's reasoning as it relates to the [          ]

**Exhibit A**

Subject:  Access Review Committee Appeal of [                    ]

`b6 per FBI`
`b7C per FBI`

## Guidelines for Revocation of Security Clearance

A review identified that the following Adjudicative Guidelines set forth by the Security Policy Board are applicable to this appeal:

*Guideline E, Personal Conduct.*  The concern is that conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness and ability to protect classified information.  A relevant consideration under this guideline is whether an individual deliberately provided false or misleading information concerning relevant and material matters to an investigator, security official, competent medical authority, or other representative in connection with a personnel security or trustworthiness determination.

*Guideline M, Misuse of Information Technology Systems.*  The concern is that noncompliance with rules, procedures, guidelines, or regulations pertaining to information technology systems may raise security concerns about an individual's trustworthiness, willingness, and ability to properly protect classified systems, networks, and information.  Information Technology Systems include all related equipment used for the communication, transmission, processing, manipulation, storage, or protection of information.

## FBI's Reasons for Revoking Security Clearance

`b6 per FBI`
`b7C per FBI`
`b5 per FBI`
`b7E per FBI`

[                    ] in connection with [                    ] the FBI [                    ]  Subsequently, on [                    ] the FBI [                    ] the results for [                    ]  During the interviews for [                    ] mentioned that her [                    ]

[                    ] the FBI conducted an audit of [                    ] dating back to her entrance on duty in [                    ]  The audit revealed [                    ] that appeared to show that [                    ]  Specifically, [                    ]

`b6 per FBI`
`b7C per FBI`
`b5 per FBI`
`b7E per FBI`

[                    ]  During a [                    ] interview with the Office of the Inspector General (OIG), [                    ] confirmed that she [                    ] and admitted [                    ]  OIG scheduled a compelled interview in [                    ] to explore the conflict between her OIG interview and her FBI [                    ] interviews.  During the compelled interview, [                    ] again admitted [                    ] [                    ] she explained her failure to disclose this matter previously by saying that she was "scared" and "afraid of getting into trouble."

2

**Exhibit A**

Subject: Access Review Committee Appeal of ☐

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

The FBI found that ☐ in her FBI and OIG interviews raised serious concerns. Despite ☐ awareness from annual information security training that ☐ ☐ The FBI also found that ☐ withholding of information about her ☐ reflected poor judgment, ☐ The FBI acknowledged that management in the FBI Louisville Field Office had reported no further ☐ and that those managers had "confidence she has learned her lesson." The FBI concluded, however, that ☐ misconduct raised core issues about her judgment and honesty that could not be mitigated and that warranted the revocation of her security clearance.

<u>Standard Governing the ARC's Examination</u>

The ARC is charged under the Adjudicative Guidelines with examining a sufficient period of a person's life to make an affirmative determination whether the person is eligible for a security clearance. In this process, the ARC must carefully weigh a number of variables known as the "whole person concept." In evaluating the relevance of an individual's conduct, the following factors should be considered: (1) the nature, extent, and seriousness of the conduct; (2) the circumstances surrounding the conduct, to include knowledgeable participation; (3) the frequency and recency of the conduct; (4) the individual's age and maturity at the time of the conduct; (5) the extent to which participation is voluntary; (6) the presence or absence of rehabilitation and other pertinent behavioral changes; (7) the motivation for the conduct; (8) the potential for pressure, coercion, exploitation, or duress; and (9) the likelihood of continuation or recurrence. The governing executive order further clarifies that "eligibility for access to classified information shall be granted only to employees . . . whose personal and professional history affirmatively indicates loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting allegiances and potential for coercion, and willingness and ability to abide by regulations governing the use, handling, and protection of classified information." Executive Order No. 12968, § 3.1(b) (1995).

The Adjudication Guidelines provide that every case must be judged on its own merits, but that "any doubt concerning personnel being considered for access to classified information will be resolved in favor of national security." Further, "the ultimate determination of whether the granting or continuing of eligibility for a security clearance is clearly consistent with the interests of national security must be an overall common sense judgment based upon careful consideration of the [individual guidelines] . . . in the context of the whole person." The individual seeking the security clearance bears the burden of proving that such clearance is fully consistent with the interests of national security.

<u>Reconsideration Request and Appeal to the ARC</u>

In her ☐ reconsideration request, ☐ did not dispute the ☐ but claimed that the ☐ ☐ argued that there was no

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

3

**Exhibit A**

Subject: Access Review Committee Appeal of [ ]

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

indication that [ ] could pose any significant or unacceptable risk to national security. [ ] also maintained that her mitigated 10-day suspension supported the belief that her misconduct, while improper, did not pose such a risk, and she stated that her punishment adequately addressed any concerns that the FBI might have about her continued employment. In addition, [ ] asserted that she retained the confidence of her colleagues and superiors in the FBI's [ ] expressed remorse for her misconduct through a personal statement to the ARC, and she provided letters attesting to her character from [ ] and FBI colleagues. [ ] appeal to the ARC incorporated her reconsideration request and sought a personal appearance before the ARC.

### Hearing Proceedings and Discussion

At the hearing, [ ] noted that the FBI had mitigated its disciplinary action against her to a 10-day suspension and that the OIG investigation did not result in a prosecution against her. [ ] also maintained the record did not show that [ ] or that it had exposed the FBI to any meaningful security risk. In addition, [ ] noted that she had an excellent employment record with the [ ] Office and that management officials and colleagues had expressed their continued confidence in her. [ ] also pointed out that [ ] after the events at issue had shown no further improper activity. While admitting that her misconduct was a mistake and expressing regret for it, [ ] argued that nothing like it would ever happen again, and she denied that she was a bad employee or security risk. The FBI argued that [ ] at least indirectly and raised questions about her [ ] Similarly, the FBI maintained that [ ] raised important questions about her trustworthiness and judgment.

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

The ARC agrees and affirms the FBI's reconsideration decision. At the hearing, [ ] expressed her concern that these proceedings carry with them the necessary implication that she was a bad FBI employee or a morally questionable person. While the ARC has made no such judgment, we do note that the record suggests that [ ] had an otherwise unblemished record with the FBI and that she was well regarded by her colleagues. As herself has admitted, however, she did make serious mistakes through her misconduct as described above, and those mistakes carry with them important consequences. Based on [ ] the FBI described legitimate doubts about her reliability and trustworthiness. As noted above, the ARC's governing standard requires it to resolve such doubts in favor of national security, and it therefore affirms the FBI's reconsideration decision on that basis.

b6 per FBI
b7C per FBI
b5 per FBI
b7E per FBI

cc: Brad Weinsheimer
    Michael Nannes
    Eric Daniels, Attorney Advisor

**Exhibit A**



**U.S. Department of Justice**

_Washington, D.C. 20530_

MAY 0 8 2019

MEMORANDUM FOR GERALD ROBERTS, JR.
                Assistant Director, Security Division
                Federal Bureau of Investigation

FROM:        Monty Wilkinson
                Chairman, Access Review Committee

SUBJECT:    Access Review Committee Appeal of ▮▮▮▮▮▮▮▮       b6 per FBI
                ▮▮▮▮▮▮▮▮▮▮▮▮▮▮              b7C per FBI
                Federal Bureau of Investigation        b5 per FBI
                                                          b7E per FBI

      The Access Review Committee (ARC) met on March 21, 2019, to consider ▮▮▮▮▮▮▮▮ appeal of the ▮▮▮▮▮▮▮▮▮▮▮ decision of the Federal Bureau of Investigation (FBI) to revoke his security clearance. For the reasons discussed below, the ARC affirms the FBI's decision.

Background

      ▮▮▮▮▮▮▮▮▮▮▮ entered on duty with the FBI in ▮▮▮▮▮▮▮▮ and was transferred to its ▮▮▮▮▮▮▮▮▮▮ he served as a ▮▮▮▮▮▮▮▮▮▮▮▮ in that Office at the time of the events described below. By letter dated ▮▮▮▮▮ Laura A. Bucheit, Assistant Director, Security Division, FBI, revoked ▮▮▮▮▮ security clearance. The revocation was based on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮            b6 per FBI
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Based on these events, the FBI    b7C per FBI
determined that the concerns raised by ▮▮▮▮▮▮▮ conduct amounted to a significant and  b5 per FBI
unacceptable risk to the national security, supporting the revocation of his clearance.[1] On  b7E per FBI
▮▮▮▮▮▮▮▮▮▮ the FBI affirmed this decision on reconsideration, and ▮▮▮▮▮▮▮▮▮▮▮
appealed the reconsideration decision to the ARC in ▮▮▮▮▮▮▮▮▮

Guidelines for Revocation of Security Clearance

      A review identified that the following Adjudicative Guidelines set forth by the Security Policy Board are applicable to this appeal:

_Guideline E, Personal Conduct._ The concern is that conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness and ability to protect classified

---

[1] Separately, the FBI suspended ▮▮▮▮▮▮ for three days in ▮▮▮▮▮ based on this underlying misconduct.      b6 per FBI
                                                                             b7C per FBI

**Exhibit A**

information.  Conditions that could raise a security concern and may be disqualifying include: credible adverse information that is not explicitly covered under any other guideline and may not be sufficient by itself for an adverse determination, but which, when combined with all available information, supports a whole-person assessment of questionable judgment, untrustworthiness, unreliability, lack of candor, unwillingness to comply with rules and regulations, or other characteristics indicating that the individual may not properly safeguard protected information. This includes but is not limited to consideration of inappropriate behavior in the workplace or evidence of significant misuse of government or other employer's time or resources.

*Guideline M, Misuse of Information Technology Systems.*  The concern is that noncompliance with rules, procedures, guidelines, or regulations pertaining to information technology systems may raise security concerns about an individual's trustworthiness, willingness, and ability to properly protect classified systems, networks, and information.  Information Technology Systems include all related equipment used for the communication, transmission, processing, manipulation, storage, or protection of information.

### FBI's Reasons for Revoking Security Clearance

the FBI detected _____ from _____                    b6 per FBI
                                                                            b7C per FBI
_____                                                                b5 per FBI
While investigating the incident and remedying that risk, the FBI discovered that the     b7E per FBI
_____ During an administrative inquiry,
_____ admitted that he had started using the _____
after it was issued to him in _____ and that he continued doing so until the _____
was taken from him in late _____ According to the FBI, the record documented _____
_____ during that period.  The FBI concluded that this
behavior _____

The FBI also alleged that _____ had been admonished by FBI management for    b6 per FBI
_____ it expressed its concern that he had                                         b7C per FBI
disregarded that admonishment by _____                                        b5 per FBI
_____ The FBI found that _____                                            b7E per FBI
_____ and that he would have
continued to _____ if his activity had not been discovered.  Based
on these events, the FBI concluded that allowing _____ access to classified information
would present an unacceptable risk to national security.

### Standard Governing the ARC's Examination

The ARC is charged under the Adjudicative Guidelines with examining a sufficient period of a person's life to make an affirmative determination whether the person is eligible for a security clearance.  In this process, the ARC must carefully weigh a number of variables known as the "whole person concept."  In evaluating the relevance of an individual's conduct, the following factors should be considered:  (1) the nature, extent, and seriousness of the conduct; (2) the circumstances surrounding the conduct, to include knowledgeable participation; (3) the frequency and recency of the conduct; (4) the individual's age and maturity at the time of the conduct; (5) the extent to which participation is voluntary; (6) the presence or absence of

**Exhibit A**

rehabilitation and other pertinent behavioral changes; (7) the motivation for the conduct; (8) the potential for pressure, coercion, exploitation, or duress; and (9) the likelihood of continuation or recurrence. The governing executive order further clarifies that "eligibility for access to classified information shall be granted only to employees . . . whose personal and professional history affirmatively indicates loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting allegiances and potential for coercion, and willingness and ability to abide by regulations governing the use, handling, and protection of classified information." Executive Order No. 12968, § 3.1(b) (1995).

The Adjudicative Guidelines provide that every case must be judged on its own merits, but that "any doubt concerning personnel being considered for access to classified information will be resolved in favor of national security." Further, "the ultimate determination of whether the granting or continuing of eligibility for a security clearance is clearly consistent with the interests of national security must be an overall common sense judgment based upon careful consideration of the [individual guidelines] . . . in the context of the whole person." The individual seeking the security clearance bears the burden of proving that such clearance is fully consistent with the interests of national security.

<u>Reconsideration Request and Appeal to the ARC</u>

In [          ] reconsideration request, [          ] explained that his          b6 per FBI
misconduct was at least partly due to [          ]                                b7C per FBI
[                    ] He stated that he had [          ]                          b5 per FBI
[                                        ]                                         b7E per FBI
emphasized his own expressions of regret and contrition for his misconduct and the fact that it had only occurred during off-duty hours. In addition, [          ] disputed the seriousness or relevance of the prior alleged incident of [          ]
Regarding the admonishment relied on by the FBI, [          ] alleged that it involved an incident in which he [          ]
[          ] after he was asked to not [          ] he complied and did not [          ]
[          ]

[          ] argued that the FBI had recognized his long and commendable performance record and his apparent potential for rehabilitation by imposing a relatively minor three-day suspension for his misconduct. Based on his development of appropriate coping mechanisms through mature reflection and [          ] maintained that he would not engage in similar misconduct in the future and that he would not be vulnerable to pressure, coercion, or

**Exhibit A**

exploitation.  For these reasons, [_____] stated that a whole-person evaluation of the record    b6 per FBI
supported the restoration of his security clearance.  In a supplement to his [_____]ARC    b7C per FBI
[_____] appeal that he has recently submitted, [_____] largely restated the arguments that he
had made in his reconsideration request.

<u>Hearing Proceedings and Discussion</u>

At the hearing, [_____] argued again that the imposition of a three-day suspension
he received as part of a separate discipline matter was enough for him to have realized the
significance of his misconduct and to avoid repeating it in the future. [_____] admitted    b6 per FBI
[_____]    b7C per FBI
[_____]    b5 per FBI
[_____]    b7E per FBI
[_____] expressed great remorse for his misconduct and stressed the importance to him of
continuing his FBI career.  In seeking the restoration of his clearance, [_____] argued that
his misconduct was an uncharacteristic deviation from his overall pattern of exemplary service
and maintained that the risk of entrusting classified information to him was minimal.  The FBI,
however, argued that the risk was unacceptable given the extended and repeated nature of
[_____] misconduct until the FBI discovered it and stopped him from [_____]
[_____]  It maintained that [_____] misconduct raised significant questions about his
reliability and trustworthiness since he knew what he had done was wrong and [_____]
[_____]

The ARC agrees and affirms the FBI's reconsideration decision.  The ARC is
sympathetic to the stresses in [_____] personal life at the time of these events, and it    b6 per FBI
acknowledges both his contributions to the FBI and his expressions of remorse for his    b7C per FBI
misconduct.  At the same time, however, the FBI had legitimate grounds for doubting    b5 per FBI
[_____] trustworthiness and judgment because he admittedly knew the FBI rules    b7E per FBI
governing [_____] violated them, and [_____]
[_____]  As noted above, the ARC's governing standard requires it to
resolve such doubts in favor of national security, and the ARC therefore affirms the FBI's
reconsideration decision.

Cc: Brad Weinshehimer
    Michael Nannes
    Eric Daniels, Attorney Advisor

4

**Exhibit A**